PER CURIAM:
On September 19, 1989, at approximately 3:40 p.m., claimant Sandra Kay Evans was operating the family vehicle, a 1985 Ford Bronco, southwardly on Route 94 in Boone County, when she struck another vehicle. Claimants allege that the respondent was cleaning out ditches on the day of the accident and had not adequately marked the work location. The Court, on its own motion, amended the style of the claimant to include Hershel Evans, Jr., who has a titled interest in the vehicle. Claimants seek $5,000.00 for personal injury and property damage.
Claimant Sandra Kay Evans testified that she was driving with her sister-in-law and two young children. The weather was sunny and dry. There was mud on the roadway due to respondent's ditch work. Her speed was 45 miles per hour. There was a sign present picturing a flagman, but there were no flagmen, flares, or signs warning of any road work. The sign was located approximately a mile from the work site. Mrs. Evans approached a stopped line of traffic with a flagman at the front of the line. Had she not struck the vehicle in front of her, it would have been necessary to strike a vehicle coming in the opposite direction. Her sister-in-law, Rosetta Harless, confirmed her statements. Claimants' insurance covered the cost of repairing their vehicle. The policy carried a $100.00 deductible. Mr. Evans' health insurance covered his wife's medical costs.
Mancie E. Legg, respondent's Maintenance Supervisor at Chelyan, stated that he was familiar with the accident site. Respondent's crew was pulling ditches on the day of the accident. Three signs, ‘A mile apart, were placed in the area for safety purposes. Mr. Legg testified that the three signs read as follows: "Road Construction," "Men Working," and "Flagmen". The placement of the signs was done as specified by traffic manual. He personally observed that these signs were in respondent's place at 1:00 p.m. on the day of the accident.
After careful consideration of the evidence, it is the opinion of this Court that claimants have failed to show negligence on the part of the respondent. Placement of the signs was specified by respondent's traffic manual, and this standard was followed on the day of the accident. For that reason, the Court is of the opinion to, and must deny the claim.
Claim is disallowed.